UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

PARATICUARA LTDA. and
CIMARRON VENTURES, CORP.,

                 Plaintiffs,

             v.

PETRÓLEOS DE VENEZUELA, S.A.,

                 Defendant.

------------------------------------------------------------------------x

Civil Case No.:

## COMPLAINT

Plaintiffs, by their undersigned counsel, as and for their Complaint against defendant Petróleos de Venezuela, S.A. ("PDVSA"), allege as follows:

### NATURE OF THE ACTION

1.     This is a breach of contract action arising from PDVSA's failure to make contractually mandated payments of interest on certain securities as described below (the "Securities"), held by Plaintiffs and issued by PDVSA pursuant to the Indenture, dated May 17, 2012 (the "2012 Indenture"). For their relief, Plaintiffs seek payment of the accrued and unpaid interest on their Securities, as provided in the 2012 Indenture and in the Securities themselves, under New York law.

### THE PARTIES

2.     Plaintiff Paraticuara Ltda. is a limited liability company headquartered in Belize.

3.     Plaintiff Cimarron Ventures, Corp. is a corporate entity headquartered in the British Virgin Islands.

4.     Defendant PDVSA is a capital stock corporation organized under the laws of the

Bolivarian Republic of Venezuela (the "Republic"), majority owned by the Republic, which is a Foreign State as defined in 28 U.S.C. § 1603, and PDVSA is therefore an Agency or Instrumentality of a Foreign State, as defined in 28 U.S.C. § 1603.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1330(a). PDVSA is a foreign capital stock corporation owned directly by the Republic, which is a Foreign State that has explicitly and unconditionally waived sovereign immunity under Section 10.10(c) of the 2012 Indenture with respect to actions arising out of or based on the securities issued pursuant to the 2012 Indenture, or arising out of or based on the 2012 Indenture itself, by holders of the securities issued thereunder. PDVSA is not entitled to immunity under 28 U.S.C. §§ 1605-07 or under any applicable international agreement with respect to the claims asserted in this action.

6. This Court has personal jurisdiction over PDVSA because PDVSA regularly conducts business in New York and PDVSA consented in the 2012 Indenture to submit to the jurisdiction of this Court, with respect to actions by holders of securities issued under the 2012 Indenture, arising out of or based on such securities, or arising out of or based on the 2012 Indenture itself.

7. Venue is proper in this district by agreement of the parties and pursuant to 28 U.S.C. § 1391(f).

8. PDVSA, as stated in the 2012 Indenture, has appointed, as its authorized agent to receive service of process, Corporation Service Company, located at 19 West 44th Street, Suite 2, New York, New York, 10036. Alternatively, if service cannot otherwise be made, service of process will be achieved through the procedures described in 28 U.S.C. § 1608(b)(3).

**FACTUAL ALLEGATIONS**

9.  On or about May 17, 2012, PDVSA, PDVSA Petróleo, S.A., as guarantor, and the Wilmington Trust Company, as trustee, entered into a contract referred to herein as the "2012 Indenture." The 2012 Indenture is governed by the laws of the State of New York without regard to conflicts of laws principles for all matters other than PDVSA's execution and authorization of that agreement, which are governed by the laws of Venezuela.

10. From time to time, PDVSA has issued Securities under the terms of the 2012 Indenture. The principal amount, interest rate, payment dates, and other relevant terms are set forth in the Securities themselves and the offering documents for each series. Plaintiffs' Securities (sometimes referred to as bonds or notes) represent duly issued and valid unconditional obligations of PDVSA. The Securities have been issued in series identified by ISIN number.

11. Plaintiffs' holdings in the Securities are summarized in the following chart. The 2012 Indenture provides that PDVSA must repay principal on the Maturity Date shown below:

| ISIN No. | Indenture | Maturity Date | Interest Rate | Principal Amounts Held by Plaintiffs |
|---|---|---|---|---|
| USP7807HAQ85 | 2012 Indenture | 05/17/2035 | 9.75% | $1,100,000 – Paraticuara Ltda.<br><br>$100,000 – Cimarron Ventures, Corp. |

12. The Securities and the 2012 Indenture also require that PDVSA make semi-annual interest payments to Plaintiffs, on the dates shown in the chart below, until the principal is paid or fully provided for:

| ISIN No. | Semi-Annual Payment Dates | First Missed Interest Payment | Interest Default Date | Plaintiffs' Current Amounts of Unpaid Interest |
|---|---|---|---|---|
| USP7807HAQ85 | May 17<br>Nov 17 | 11/17/2017 | 12/17/2017 | $750,750 – Paraticuara Ltda.<br><br>$68,250 – Cimarron Ventures, Corp. |

13.   PDVSA failed to make the interest payments on the dates shown in the chart below:

| ISIN | Missed Scheduled Payments |
|---|---|
| USP7807HAQ85 | November 17, 2017; May 17, 2018; November 17, 2018; May 17, 2019; November 17, 2019; May 17, 2020; November 17, 2020; May 17, 2021; November 17, 2021; May 17, 2022; November 17, 2022; May 17, 2023; November 17, 2023; May 17, 2024. |

14.   The terms and conditions of the Securities provide that an "Event of Default" occurs if PDVSA fails to pay principal, interest, or other amounts on the Securities when due, and such failure continues for a period of 30 days.

15.   Beginning in November 2017, PDVSA stopped making required interest payments on each of the Securities. In each instance, the amounts remain unpaid today.

16.   To date, PDVSA has not paid certain interest amounts due on the Securities. In addition, PDVSA has yet to pay the principal amounts on the Securities.

17.   Plaintiffs, as the beneficial owners of these Securities, are authorized to bring this action.

## **CLAIM FOR RELIEF**

### **(For Breach of Contract on Plaintiffs' Securities)**

18. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 17 herein.

19. By reason of the foregoing, PDVSA has breached its contractual obligations to Plaintiffs, and PDVSA is liable to Plaintiffs for the amount of unpaid interest, plus additional amounts of interest on, Plaintiffs' Securities as such amounts accrue, become due, and remain unpaid by PDVSA, plus interest thereon.

WHEREFORE, Plaintiffs demand judgment against PDVSA, as follows:

i. Awarding Plaintiffs damages against PDVSA in the amount of at least $819,000.00, plus interest. This amount includes the total interest payments owed to Plaintiffs ($819,000.00); and

ii. Awarding Plaintiffs their costs, attorneys' fees, and such other further relief as this Court shall deem just and proper.

Dated: New York, New York
October 11, 2024

**DUANE MORRIS LLP**

By: /s/ Rudolph J. DiMassa
Name: Rudolph J. DiMassa
Email: dimassa@duanemorris.com

1540 Broadway
New York, NY 10036-4086
Telephone: +1 215 979 1506
Fax: +1 215 689 2138

*Attorneys for Plaintiffs*